UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GUSTRY SAILEE, | Civil No. 08-5942 (JMR/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAKOTA COUNTY, DAKOTA COUNTY EMPLOYEES, DEPUTYS, AGENTS, AGENCY, JUDGES, MR. SPICER, MR. PERKINS, MS. SIMONEHE, MIRAM REA, BRENDA LIGHTBODY, TERRY KELLEY, MS. FYKEN, LOREN C. HANSON, JOE DALANGER, MR. JONES, SENIOR NOTARY, SOCIAL SERVICES, FIRST JUDICIAL DAKOTA COUNTY, and DAKOTA COUNTY LAW ENFORCEMENT CENTER, | |
| Defendants. | |

Plaintiff, a state pre-trial detainee, commenced this action by filing a self-styled complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]   For the reasons discussed below, the Court finds that this action should be dismissed pursuant to § 1915A(b)(1).

---

[1] Plaintiff's IFP application indicates that he might be unable to satisfy the initial partial filing fee requirements of 28 U.S.C. § 1915(b)(1), which normally apply to prisoner IFP applicants.  Based on the information in the IFP application, the Court finds, for present purposes, that Plaintiff has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

**I. BACKGROUND**

Plaintiff's original complaint in this matter, (Docket No. 1), was seriously defective in numerous respects. Plaintiff was informed of the various shortcomings of his initial pleading, and he was directed to file an amended complaint. (See Order dated November 17, 2008; [Docket No.4].) As an aid to Plaintiff, the Court's prior order included a list of specific pleading requirements that he would have to satisfy in order to plead an actionable claim for relief. (Id., pp. 3-4.)

Plaintiff subsequently filed two new pleadings, (Docket Nos. 6 and 9), which are now before the Court. For the reasons discussed below, the Court finds that Plaintiff still has not pleaded a cause of action on which relief can be granted, and that this case should therefore be summarily dismissed.

**II. DISCUSSION**

Because Plaintiff is a prisoner who is (as far as the Court can tell) trying to sue various government employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental agencies or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical

facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff apparently is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). In other words, the complaint must describe what each individual defendant allegedly did, or failed to do, that purportedly violated the claimant's constitutional rights.

The Court's previous order in this matter expressly informed Plaintiff that if he attempted to replead, his new complaint must be submitted on the form prescribed for use in this District. Plaintiff has not complied with that directive.

The prior order also informed Plaintiff that his new pleading must include a caption

that clearly identifies each individual Defendant.  Plaintiff has not complied with that directive.

The prior order informed Plaintiff that his new complaint "must be pleaded in <u>complete sentences</u>, and each complete sentence must be a <u>separate numbered paragraph</u>, as required by Fed. R. Civ. P. 10(b)."  (Order dated November 17, 2008, [Docket No. 4], p. 3, [emphasis in the original order].)  Plaintiff has also ignored this directive.

Finally, and most importantly, the prior order advised Plaintiff that he "must describe what, specifically, <u>each individual named Defendant</u> allegedly did (or failed to do) that purportedly entitles Plaintiff to legal recourse against that Defendant." (<u>Id</u>.)  Despite this explicit instruction, Plaintiff's current pleading does not provide a comprehensible description of each Defendant's allegedly wrongful acts or omissions.

Because Plaintiff has failed to comply with the pleading requirements prescribed by the Court's prior order, he has failed to plead a cause of action on which relief can be granted.  The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  It follows that Plaintiff's IFP application must be denied.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[2]  He has not paid

---

[2] Under the PLRA, prisoners may be excused from <u>pre</u>-paying the full amount of the applicable filing fee upon the filing of an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that

any part of the fee to date, so he still owes the full $350.00 at this time. The authorities at the institution where Plaintiff is confined will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that this action must be summarily dismissed because Plaintiff has failed to plead an actionable claim, the Court will further recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 8), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief). The Court will also recommend that Plaintiff's anomalous motion entitled "Notice of Motion and Motion for Order in Pursuant to Rule 28.02 Appeal by Defendant, Subd. 1. Subd. 2.," (Docket No. 3), be summarily denied. Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**III. RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's applications to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's pending motion for appointment of counsel, (Docket No. 8), be

---

the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**DENIED**;

3.  Plaintiff's "Notice of Motion and Motion for Order in Pursuant to Rule 28.02 Appeal by Defendant, Subd. 1. Subd. 2.," (Docket No. 3), be **DENIED**;

4.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

5.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

6.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: March 13, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 30, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.